LESLIE J. MOFFETT, PLAINTIFF AND APPELLANT, v. INDUSTRIAL ACCIDENT BOARD, DEFENDANT AND RESPONDENT.

No. 9660.

Submitted April 18, 1956. Decided September 15, 1956.

301 Pac. (2d) 340.

304

Mr. George Niewoehner, White Sulphur Springs, for appellant.

Mr. Arnold H. Olsen, Atty. Gen., Mr. L. V. Harris, Sp. Asst. Atty. Gen., for respondent.

Mr. Thomas C. Colton, Billings, Mr. George F. Higgins, Missoula, Mr. W. E. Coyle, Butte, Mr. Myles J. Thomas, Helena, Mr. J. F. Meglen, Billings, Mr. Roger G. Baldwin, Kalispell, amici curiae.

Mr. Niewoehner, Mr. Harris and Mr. Thomas argued orally.

PER CURIAM.

This is an appeal by plaintiff from an order of the district court, granting the motion of defendant Board to dismiss the attempted appeal by plaintiff from an order of the Industrial Accident Board which denied the petition of plaintiff for hearing by said Board to reopen the order of said Board of March 9, 1938.

The order of the Board of March 9, 1938, authorized, directed and approved a compromise lump sum in full and final settlement of plaintiff's claim arising out of his accidental injury of July 17, 1937.

Leslie J. Moffett was accidentally injured on July 17, 1937, while employed by the state highway commission. At the time of the accidental injury, the state highway commission was

enrolled under Plan Three of the Workmen's Compensation Act of Montana, R.C.M. 1947, section 92-101, et seq.

Leslie J. Moffett filed a claim for compensation by reason of the injury and the resulting disability. The Board approved the claim and thereafter the total amount of compensation due him became in controversy between Moffett and the Board. Thereafter and on March 8, 1938, Leslie J. Moffett filed with the Board an instrument in writing reciting his employment, the date of the accidental injury and the fact that he had suffered severe burns on his arms, side and back and reciting other matters. His petition to the Board further set forth:

"* * * the matter of the degree of permanent disability suffered by me and the matter of the total amount of compensation due me has been in controversy. This controversy has resulted in negotiations being carried on to bring about a compromise and final settlement of my claim. These negotiations have resulted in a compromise and final settlement being brought about wherein I am to receive $1,320, in addition to all sums heretofore paid to me as such settlement.

"I therefore hereby petition the Industrial Accident Board to make an order approving a full and final compromise settlement of my said claim for compensation arising out of my said accidental injury and wherein I am to receive the above amount as such settlement.

"I make this petition with full knowledge that because of the fact that this settlement is of a compromise nature my case can never again be reopened whether my condition grow better or worse."

The foregoing statement was duly signed by plaintiff Leslie J. Moffett, and witnessed.

Nowhere in this proceeding is there found any charge or statement by or on behalf of plaintiff, Leslie J. Moffett, that plaintiff had been misled, coerced, bulldozed or impelled by the action of the Board, or that advantage had been taken of plaintiff by the Board or by any member thereof or officer of the Board in his entering into and his agreement in the

compromise settlement. If such a charge had been made and the evidence supported such a charge of fraud, then that might vitiate the whole transaction. Here there is no intimation of fraud, either actual or constructive.

This case is a glaring example of unreasoned haste by the Board in granting a compromise, full and final settlement of a workman's claim for compensation and a regrettable lack of diligence on the part of the Board in protecting the interests of the plaintiff. The legislature evidently intended in the enactment of the Workmen's Compensation Act that the monthly payments should be the rule and lump sum settlements the exception. Compare Williams v. Industrial Acc. Board, 109 Mont. 235, 97 Pac. (2d) 1115; Davis v. Industrial Acc. Board, 92 Mont. 503, 15 Pac. (2d) 919; Landeen v. Toole County Refining Co., 85 Mont. 41, 277 Pac. 615. The very purpose of the method of periodical payments is, as far as possible, to preclude the possibility of an improvident claimant or dependent wasting the means of support and thereby becoming a burden upon the public; and also that the result of the industrial accident may be better appraised during the periodic payments while under the jurisdiction of the Board, for under R.C.M. 1947, section 92-826, the Board shall have continuing jurisdiction over all its orders, decisions, and awards, and may, at any time, upon notice and after opportunity to be heard, alter, or amend any such order, decision or award theretofore made by it upon good cause appearing therefor.

The same statute however, since its amendment in 1937, now further provides that *the Board shall not have power to rescind, alter, or amend any final settlement or award of compensation more than four years after the same has been made,* and said section further provides *that the Board shall not have power to rescind, alter, or amend any order approving a full and final compromise settlement of compensation.* These provisions having been added to the original statute by amendment, demonstrate the clear intent of the legislature.

While it is true that the Board may make a lump sum set-

tlement, R.C.M. 1947, section 92-715, the legislature had in mind that the periodical payments would take the place of the workman's wages. Where a lump sum settlement is made the whole compensation may be quickly dissipated and the very purpose of the Act defeated. Compare Davis v. Industrial Acc. Board, supra.

The Board under the law occupies a difficult, unique and very important position. The Board occupies a position of trust in relation to an injured workman and his dependents and also the trust extends to the general public. Such a relationship calls for a full and complete understanding of all of the facts in any case, and from such understanding of the facts and the applicable law, the Board is to exercise a very high degree of good faith, impartiality and fairness in dealing with each application in such exercise of its sound discretion.

While a deep feeling of humanitarianism dictates one course of action to us as individuals, in order to meet the needs of this plaintiff, yet through his own petition for a full and final compromise settlement, and the hasty granting of the same by the Board, plaintiff has exhausted his remedy. The law binds us as it does plaintiff. His right of action for relief under the Act has long since expired.

The order of the district court is affirmed. Let remittitur issue forthwith.