STATE ex rel. MONTANA PHOSPHATE PRODUCTS CO., now known as Cominco American, Inc., Petitioner, *v.* The INDUSTRIAL ACCIDENT BOARD of the State of Montana, Respondent.

No. 11996.
Decided March 1, 1971.
481 P.2d 684.

Corette, Smith & Dean, Butte, R. D. Corette Jr., argued, Butte, for petitioner.

L. V. Harris, Helena (Industrial Accident Board) argued, Knight, Dahood & Mackay, Anaconda, argued for respondent.

## MEMO OPINION

PER CURIAM:

Original proceeding.

Petitioner has applied for a writ of prohibition or other appropriate writ after an order by the Industrial Accident Board reopened the claim of James W. Jones.

James W. Jones was injured while employed by Montana Phosphate Products Co., on March 29, 1965. On May 12, 1967,

Jones petitioned the Industrial Accident Board for a lump sum final compromise settlement of his claim for compensation and on May 22, 1967, the Industrial Accident Board approved the full and final compromise settlement and Jones then signed a release of his claim for injuries with the Industrial Accident Board in return for the compromise settlement paid in a lump sum in accordance with the Workmen's Compensation Act. On November 29, 1968, Jones petitioned the Industrial Accident Board to reopen his claim and set aside the release on grounds that new injuries had become evident which were not considered in the original claim. The Industrial Accident Board denied the petition on the basis of section 92-826, R.C.M.1947. Jones then filed a complaint in the district court seeking to set aside the release on the grounds of fraud but that case was dismissed by the court. Then on December 15, 1969, Jones petitioned the Industrial Accident Board for a hearing to set aside the order approving the full and final compromise settlement of his claim. The Industrial Accident Board held a hearing and, on December 14, 1970, issued an order setting aside its previous order approving a full and final compromise settlement.

It is petitioner's contention that the Industrial Accident Board violated section 92-826, R.C.M.1947 by its order of December 14, 1970, which reads in pertinent part:

"* * * that the board shall not have the power to rescind, alter or amend any order approving a full and final compromise settlement of compensation * * *."

This specific statutory language was cited in Moffett v. Industrial Accident Board, 130 Mont. 303, 301 P.2d 340, and in resolution of that case, this Court said:

"While a deep feeling of humanitarianism dictates one course of action to us as individuals, in order to meet the needs of this plaintiff, yet through his own petition for a full and final compromise settlement, and the hasty granting of the same by the Board, plaintiff has exhausted his remedy.

The law binds us as it does plaintiff. His right of action for relief under the Act has long since expired."

In the instant case, James W. Jones' right of action for relief also expired when he sought, agreed to and accepted a full and final compromise settlement in 1967, therefore under the facts here and the existing law the Industrial Accident Board cannot reconsider his claim.

The Industrial Accident Board is ordered to revise its order of December 14, 1970 in accordance with this decision.