No. 13044

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

M. J. RASSLEY,

                 Claimant and Appellant,

    -vs-

SECURITY TRANSPORT, employer
and UNITED PACIFIC RELIANCE
INSURANCE COMPANY,

                 Defendant and Repsondent.

---

Appeal from:  District Court of the Eighteenth Judicial District,
               Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

    For Appellant:

        Morrow, Nash and Sedivy, Bozeman, Montana
        Donald A. Nash argued, Bozeman, Montana

    For Respondent:

        Hughes, Bennett and Cain, Helena, Montana
        George T. Bennett argued, Helena, Montana

---

                        Submitted: November 3, 1975

                           Decided: NOV 25 1975

Filed: NOV 25 1975

*Thomas J. Kearney*
                    Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal from an order of the district court, Gallatin County, sustaining a determination of the Workmen's Compensation Division.

Appellant suffered an industrial accident in the nature of a broken ankle of his right leg on June 9, 1959. On July 13, 1959, appellant filed an employee's claim for compensation with the Industrial Accident Board (predecessor to the Division of Workmen's Compensation, Department of Labor and Industry). Appellant was treated at a Bozeman hospital by his personal physician. The physician reported appellant's bone was healing satisfactorily on September 11, 1959, and the hospital's physical therapist reported the appellant had a "full range of motion" on October 2, 1959. Based on those reports the adjuster for the then industrial accident insurer applied for a final compensation award from the Industrial Accident Board (IAB). A notation of final award was made on the IAB's records of payment sheet on November 6, 1959, with a "Final Award" on the IAB Form 64A sent to appellant on the same day.

Appellant returned to work in October, 1959, and worked at various construction jobs until April, 1963. There is evidence in the record that appellant was not continuously employed as a heavy equipment operator due to trouble with his right ankle and foot.

From April, 1963, to October, 1972, appellant was employed full time with the Gallatin County road office. Appellant operated a road grader during much of his employment with Gallatin County. Appellant left his employment with the county due to a debilitating condition diagnosed as multiple sclerosis affecting his spinal column, a possible tumor of the spinal column, possible disc lesions in the spinal column, and extreme spasticity of both

legs. In a 1974 report to the Workmen's Compensation Division (WCD) a Bozeman orthopedic specialist discussed appellant's progressive neurological impairment and stated appellant's status was not the result of the 1959 injury, nor a later back injury while working for the county.

On January 8, 1973, appellant stated in a letter to the WCD:

> "In 1959 I submitted a claim for accident on a broken ankle and as I was able to work, I did not accept the settlement offered. Now I am unable to work and would like to know what kind of settlement you are willing to offer."

In May, 1973, the WCD informed appellant his claim could not be reopened due to lapse of time. Appellant requested and received a hearing before a WCD hearing examiner resulting in a finding that under the Montana Workmen's Compensation Act (Title 92, R.C.M. 1947), appellant had four years from November 9, 1959, to petition the IAB to reopen his claim, after the entry of the "Final Award" pursuant to the Act.

The district court affirmed the WCD determination and appellant appeals from that holding.

The issue presented in this appeal is whether appellant, having suffered an industrial accident, is required under the Workmen's Compensation Act to file his petition to reopen and reconsider his claim within four years following the entry of a final award.

The WCD may amend or rescind an award as provided in §92-826, R.C.M. 1947:

> "The board shall have continuing jurisdiction over all its orders, decisions, and awards, and may, at any time, upon notice, and after opportunity to be heard is given to the parties in interest, rescind, alter, or amend any such order, decision, or award made by it upon good cause appearing therefor. Provided, that the division shall not have power to rescind, alter, or amend any final settlement or award of compensation

more than four (4) years after the same has been made, and provided further that the board shall not have the power to rescind, alter, or amend any order approving a full and final compromise settlement of compensation. * * *"

Appellant argues the 1959 "Final Award" of the IAB was not final. If appellant did not believe the November 6, 1959 award was final he had four years from that date to petition for a reopening of his claim to determine if further compensation was due. Appellant took no such action but waited fourteen years, or ten years after the statute of limitations had run, to apply for a reopening of his claim. A reasonable man, truly believing a compensation award is not final, although clearly labeled as such, would not wait over a decade to contest the finality of the award.

Appellant testified before the WCD hearing examiner:

"Well, if I had not had to retire, I probably never would have turned in for, if I could have kept on working."

The record, as a whole, indicates appellant never questioned the finality of the 1959 award until his present, unrelated, neurological impairment forced him to retire.

The record contains substantial evidence to support the holding of the district court affirming the WCD determination that the 1959 award was final and the four year statute of limitations barred a reopening of the claim. This Court has held on numerous occasions the decision of a district court affirming a WCD determination will not be reversed unless the evidence clearly preponderates against the findings. Aho v. Burkland Studs, 153 Mont. 1, 452 P.2d 415; Newman v. Kamp, 140 Mont. 487, 374 P.2d 100; Birnie v. U.S. Gypsum Co., 134 Mont. 39, 328 P.2d 133. These cases deal with initial Workmen's Compensation awards, but the principal is equally applicable to the present determination.

Appellant argues the WCD has continuing jurisdiction over

- 4 -

appellant's claim so long as he has not received all he might receive under the Workmen's Compensation Act. This Court said a claimant should be fully compensated for his particular disability in Meznarich v. Republic Coal Co., 101 Mont. 78, 53 P.2d 82, and went on to say at page 88:

> "[There is] a clear legislative intent that no case in which compensation has been awarded shall be finally closed until the maximum period of payments for the disability for which such award has been made has expired, except that, under the amendment of 1929 to section 2952 [predecessor to §92-826], above, this power is withdrawn with respect to 'any final settlement' after the expiration of two years [now four years] from the date the order awarding compensation is made. * * *" (Emphasis added)

The legislature recognized the need for continuing claim jurisdiction in the WCD to prevent injustice should the industrial accident have unforseen complications during the maximum payment period of the disability. The legislature also wished to prevent attempts to reopen claims after the elapse of many years with the consequent clouding of memories, unavailability of evidence and the difficulty of determining the relationship between the original injury and a present aggravated disability. Thus, the four year statute of limitations for reopening claims was enacted. The present case is just the sort that the statute of limitations was enacted to prevent.

Appellant also argues he was misled by an agent of the insurer into believing he had no further compensation rights. This alleged misleading advice was given in the late 1960's (after the running of the statute of limitations) according to appellant's testimony before the WCD hearing examiner. Appellant was not certain as to what was said or when it was said and on cross-examination could not state as to how he was misled. Assuming, arguendo, that he was misled, this Court has stated there must be an intent to mislead the claimant to his detriment

- 5 -

before the WCD is estopped from asserting the statute of limitations. Ricks v. Teslow Consolidated, 162 Mont. 469, 512 P.2d 1304. No evidence appears on the record that such intent to mislead was present. Even if the WCD may be shown to have arrived at an improper determination over a decade ago, short of fraud or coercion, appellant has exhausted his remedy and is now bound by the law. Moffett v. Industrial Accident Bd., 130 Mont. 303, 301 P.2d 340.

The order of the district court is affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____